Gipe v. Prison Health Services, Inc., No. 78-1-10 Rdcv (Cohen, J., Feb. 4, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT
# RUTLAND COUNTY

|  |  |  |
|---|---|---|
| **JAMES GIPE, as Personal Representative** | ) | **Rutland Superior Court** |
| **& Administrator of the Estate of Ashley Ellis,** | ) | **Docket No. 78-1-10 Rdcv** |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| **v.** | ) |  |
|  | ) |  |
| **PRISON HEALTH SERVICES, INC.,** | ) |  |
|  | ) |  |
| **Defendant** | ) |  |

## DECISION ON REQUEST FOR DISTRIBUTION OF WRONGFUL DEATH PROCEEDS

On January 27, 2010, James Gipe, as personal representative and administrator of the Estate of Ashley Ellis, filed a Petition to Open Miscellaneous Proceeding for Purpose of Distribution of Settlement. The petition states that the Estate of Ashley Ellis and Prison Health Services, Inc. have reached a settlement agreement as to the Estate's asserted claims arising from Ashley Ellis's death. Along with the petition, Mr. Gipe also filed a Motion to Seal. As of now, the amount and terms and conditions of the settlement have not been supplied to the Court—there is nothing to seal. Furthermore, under the Wrongful Death Statute, in order for a distribution to occur under 14 V.S.A. § 1492(c), a wrongful death "action" must first be brought, pursuant to 14 V.S.A. § 1492(a). Here, the Court has no jurisdiction over the parties' agreement because the personal representative of Ashley Ellis has not filed a wrongful death action.

Dated at Rutland, Vermont this _____ day of _____, 2010.

_____
Hon. William Cohen
Superior Court Judge